IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MICHAEL MONCKTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIV-21-816-HE |
| | ) | |
| RICK NUNN, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, filed this action seeking a writ of habeas corpus under 28 U.S.C. § 2254. Respondent has filed a Motion to Dismiss, arguing Petitioner's action constitutes an unauthorized second or successive habeas petition. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the following reasons, it is recommended the Motion to Dismiss be granted.

I. Background

On March 5, 2012, Petitioner was convicted, following a jury trial, of First-Degree Rape (Count One) and Second-Degree Rape by Instrumentation (Count Two). Doc. No. 1 ("Pet.") at 1; *see also* Oklahoma State Courts Network, *State v.*

*Monckton*, Cleveland County District Court, Case No. CF-2011-547.[1] The state court sentenced Petitioner to twenty-two years imprisonment on Count One and ten years imprisonment on Count Two. *Id.* The court also ordered the sentences to run consecutively. *Id.*

Petitioner filed a direct appeal to the Oklahoma Court of Criminal Appeals, which affirmed Petitioner's convictions and sentences on January 9, 2014. Doc. No. 11-4; *see also* Oklahoma State Courts Network, *Monckton v. State*, Oklahoma Court of Criminal Appeals, Case No. F-2012-238.[2] Although the state court record is not entirely clear, it appears Petitioner has sought post-conviction review from the state court on seven occasions. Oklahoma State Courts Network, *State v. Monckton*, Cleveland County District Court, Case No. CF-2011-547.[3]

Petitioner filed his first Petition for Writ of Habeas Corpus with this Court in 2015. *Monckton v. Bryant*, No. CIV-15-883-HE, 2015 WL 7733459, at *1 (W.D. Okla. Sept. 1, 2015), *adopted by* 2015 WL 7736653 (Nov. 29, 2015). The Court dismissed the same, pursuant to *Younger v. Harris*, 401 U.S. 37 (1971),

---

[1] https://www.oscn.net/dockets/GetCaseInformation.aspx?db=cleveland&number=CF-2011-547

[2] https://www.oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=F-2012-238

[3] https://www.oscn.net/dockets/GetCaseInformation.aspx?db=cleveland&number=CF-2011-547

2

based on Petitioner's ongoing state proceedings concerning his convictions and sentences. *Id.* at *2.

The following year, Petitioner filed his second Petition for Writ of Habeas Corpus, and this Court denied the same on the merits. *Monckton v. Bryant*, No. CIV-16-1136-HE, 2017 WL 4324537, at *1 (W.D. Okla. Sept. 28, 2017). On April 1, 2019, Petitioner filed a third Petition for Writ of Habeas Corpus. On May 21, 2019, the Court denied the same to the extent Petitioner intended to seek relief under Federal Rule of Civil Procedure 60(b). *Monckton v. Whitten*, No. CIV-19-0298-HE, 2019 WL 2203119, at *1 (W.D. Okla. May 1, 2019). To the extent Petitioner intended to seek habeas relief, the Court concluded it did not have jurisdiction over the action because it was an unauthorized second or successive petition. *Id.* at *2. The Court also transferred the matter to the Tenth Circuit Court of Appeals to allow that court to determine whether such authorization should be issued. *Id.* On July 9, 2019, the Tenth Circuit dismissed the action based on Petitioner's failure to seek authorization to proceed. Order, *In re: Michael Ray Monckton*, No. 19-6082 (10th Cir. July 9, 2019).

This action represents Plaintiff's fourth occasion to seek habeas corpus relief from this Court. Herein, Plaintiff asserts the state trial court lacked jurisdiction to sentence him during the second stage of trial because the second

page alleging his prior felony convictions and upon which the State intended to rely was not attached to the charging instrument. Pet. at 5. Respondent has filed a Motion to Dismiss arguing this matter should be dismissed as an unauthorized second or successive habeas action, and that transfer to the Tenth Circuit is unnecessary. Doc. No. 11.

II.     Analysis

As established, Petitioner has already sought habeas relief regarding his convictions and sentences in Case No. CF-2011-547. *See supra*. "The filing of a second or successive § 2254 application is tightly constrained by the provisions of [the Antiterrorism and Effective Death Penalty Act]." *Case v. Hatch*, 731 F.3d 1015, 1026 (10th Cir. 2013). Notably, "[b]efore a second or successive [§ 2254] application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *accord Case*, 731 F.3d at 1026. If the petitioner does not heed this statutory directive, the district court has no jurisdiction to consider his second or successive filing. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

Because this Court previously denied a habeas Petition regarding the same convictions and sentences at issue in the present Petition, Petitioner must seek

authorization in the Tenth Circuit Court of Appeals before proceeding. 28 U.S.C. § 2244(b)(3)(A). It does not appear Petitioner sought such authorization prior to filing the instant case. As a result, this Court has no jurisdiction over the current Petition.

The Tenth Circuit has explained, "When a second or successive § 2254 . . . claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under [28 U.S.C] § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *In re Cline*, 531 F.3d at 1252. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for authorization." *Id.* The Tenth Circuit has listed several factors to consider in deciding whether to dismiss or transfer an improperly filed action. Such factors include whether the new action would be time-barred, whether the claims are likely to have merit, and whether the original action was filed in good faith rather than "filed after plaintiff either realized or should have realized that the forum in which he or she filed was improper." *Trujillo v. Williams*, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006) (quotations omitted).

Upon reviewing Petitioner's ground for relief as well as the procedural history of this case, the undersigned concludes this Court should decline to transfer this action to the Court of Appeals as it is clearly untimely. *See* 28 U.S.C. §2244(d)(1) (setting a one-year statute of limitations from the date a petitioner's conviction becomes final to request habeas relief); *see also Lowe v. Braggs*, No. CIV-20-427-J, 2020 WL 5242887, at *6 (W.D. Okla. May 29, 2020) (dismissing a second or successive habeas because "the instant petition would still be considered untimely, thereby providing justification to not transfer it to the Tenth Circuit."); *Huddleston v. Coffman*, No. 15-cv-02848-GPG, 2016 WL 8650109, at *3 (D. Colo. June 21, 2016) (finding that because the ground for relief raised in a second or successive habeas petition was "untimely, transfer to the Tenth Circuit for authorization is not warranted." (citing 28 U.S.C. § 1631)).

In an effort to avoid dismissal, Petitioner states in his Response to the Motion to Dismiss that he currently has two applications for post-conviction relief pending in state court. Doc. No. 13 at 1-2. He asks this Court to hold this case in abeyance until the state court rules on his pending applications. *Id.* While ongoing state proceedings were relevant to Petitioner's previous requests for habeas relief, *see supra*, as the current Petition represents a second or successive habeas action, this Court is unauthorized to consider the same until the Tenth Circuit has

6

authorized such a filing. *See* 28 U.S.C. § 2244(b)(1)(3) (requiring an applicant to request authorization from the relevant court of appeals *before filing* a second or successive habeas action in the district court). This same result would occur following a state court's ruling on his pending applications.

As noted, "[w]here there is no risk that a meritorious successive claim will be lost" absent a transfer, the district court properly may exercise its discretion to dismiss the petition. *In re Cline*, 531 F.3d at 1252. There is no such risk here. Accordingly, it is recommended Defendant's Motion be granted and Petitioner's habeas action be dismissed without prejudice for lack of jurisdiction.

## RECOMMENDATION

Based on the foregoing findings, the undersigned recommends Defendant's Motion to Dismiss (Doc. No. 11) be GRANTED and Petitioner's action be dismissed without prejudice. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by November 5th , 2021, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's

recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

Dated this  15th  day of October, 2021.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE